IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

2005 FEB 25  P 5:16

RALPH L. DELOACH
CLERK
BY B.U. DEPUTY
AT TOPEKA, KS.

UNITED STATES OF AMERICA,             SEALED

Plaintiff,

Vs.                                   No. 04-40086-01-SAC

MICHAEL DEAN RINDT,

Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's two *ex parte* motions that have been filed under seal and seek leave to issue *subpoena duces tecum* pursuant to Fed. R. Crim. P. 17(c). (Dks. 37 and 38). This case arises from a single count indictment charging a violation of 18 U.S.C. § 922(g), unlawful possession of a firearm by a felon. The trial is scheduled to commence March 30, 2005.

In his first motion, the defendant seeks in relevant part any and all records concerning the treatment received by Carly White from Valeo Behavioral Health Care in April 2004 and from Newman Memorial Hospital and the Lyon County Jail visitation records relating to the defendant Rindt from April through June of 2004. In his second motion, the defendant seeks copies of all telephone

43.

conversations of the defendant Rindt tape recorded at CCA Leavenworth Detention Center from December 22 through December 26, 2004. The defendant's motions and memoranda recite some of the controlling law and summarily conclude that the subpoena is sufficiently specific under the circumstances in requesting documents material to his defense and admissible at trial. The defendant seeks an order directing issuance of the subpoena duces tecum returnable prior to trial to the defense attorney's office.

The court held an *ex parte* hearing on February 23, 2005, for the defense counsel to furnish the required information in support of these motions. At that time, counsel explained that the government's primary witness, Carly White, is the defendant's former girlfriend and has been treated at both health care facilities for drug addiction and possibly other mental health issues. Counsel did not elaborate on the purported relevance of these treatment records other than to suggest their possible use in challenging White's credibility. As for the Lyon County Jail records, counsel said that the defendant will use the visitation records to establish White's regular visits with the defendant until White learned the defendant had been involved with another woman. The defendant wants these records to corroborate his argument that White's motive for testifying against him is retaliation. Finally, the defense counsel represented that in one of the CCA tape-recorded telephone

conversations between December 22 and 26, 2004, White expressed remorse to the defendant about implicating him in the charged offense. The defendant contends these arguments sufficiently establish the materiality and admissibility of the requested documents.

**GOVERNING LAW**

A subpoena duces tecum under Rule 17(c) "was not intended to provide a means of discovery for criminal cases . . . but to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials." *United States v. Nixon*, 418 U.S. 683, 698-99 (1974). In other words, Rule 17(c) is not a discovery tool but offers compulsory process for securing specific, identifiable evidence for trial.

As the party seeking the subpoena duces tecum, the defendant must show:

> (1) that the documents are evidentiary and relevant;
> (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence;
> (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and
> (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Nixon*, 418 U.S. at 699-700; *see also United States v. Morris*, 287 F.3d 985, 991

(10th Cir.), *cert. denied*, 536 U.S. 933 (2002); *United States v. Gonzalez-Acosta*, 989 F.2d 384, 389 (10th Cir. 1993). Thus, the moving party's burden is to clear the three hurdles of relevancy, admissibility, and specificity. *Nixon*, 418 U.S. at 700; *Morris*, 287 F.3d at 991. It is left to the trial court's discretion to judge whether these hurdles have been cleared. *United States v. Eden*, 659 F.2d 1376, 1381 (9th Cir. 1981), *cert. denied*, 455 U.S. 949 (1982).

It is not enough that the documents have some potential of relevance and evidentiary use. *United States v. Burger*, 773 F. Supp. 1419, 1425 (D. Kan. 1991). There must be a "sufficient likelihood" that the requested material is "relevant to the offenses charged in the indictment," and a "sufficient preliminary showing that . . . [the requested material] contains evidence admissible with respect to the offenses charged." *Nixon*, 418 U.S. at 700. Conclusory allegations of relevance and admissibility are insufficient. *Burger*, 773 F. Supp. at 1425; *see United States v. Eden*, 659 F.2d at 1381.

Specificity is the hurdle on which many subpoena requests stumble. This requirement ensures that the subpoenas are used only to secure for trial certain documents or sharply defined groups of documents. *United States v. Crosland*, 821 F. Supp. 1123, 1129 (E.D. Va. 1993). It also serves to prevent the subpoena from being converted into a license for what the Supreme Court in *Bowman Dairy Co. v.*

*United States*, 341 U.S. 214, 221 (1951), decried as a "fishing expedition to see what may turn up." *Crosland*, 821 F. Supp. at 1129. "If the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991); *see United States v. Morris*, 287 F.3d at 991.

"*Nixon* mandates that the party requesting information identify the item sought and what the item contains among other things." *United States v. Morris*, 287 F.3d at 991. The subpoena must refer to specific documents or, at least, to specific kinds of documents. 2 Charles A. Wright, *Federal Practice and Procedure* § 275 at 159 (1982); *see United States v. McCollom*, 651 F. Supp. 1217 (N.D.Ill.), *aff'd*, 815 F.2d 1087 (7th Cir. 1987). Requests for entire files indicate an "impermissible fishing expedition." *United States v. Morris*, 287 F.3d at 991 (citation omitted). The specificity hurdle, however, cannot be cleared by simply naming the title of the document. *United States v. Arditti*, 955 F.2d 331, 345-46 (5th Cir.), *cert. denied*, 506 U.S. 998 (1992). The moving party must specify why the materials are wanted, what information is contained in the documents, and why those documents would be relevant and admissible at trial. *See Arditti*, 955 F.2d at 345-46.

5

Conjecture and speculation will not carry the movant over the three hurdles. Without detailed information on the requested documents, the court is only left "to speculate as to the specific nature of their contents and its relevance." *Id.* at 346. In *Nixon*, the movant provided sworn testimony from the participants in the recorded conversations and supplied reasons from which rational inferences could be drawn on the relevance of the tapes. 418 U.S. at 700. Generally, courts conduct in camera reviews of the requested material to decide if the three hurdles are satisfied. *Arditti*, 955 F.2d at 347 (Goldberg, J., concurring). If the movant, however, fails to make a threshold showing of a specific demand for relevant and admissible material, then the court may deny the request without conducting an in camera review. *Id.* at 348. The defendant does not ask for an in camera review.

The defendant has not met his burden for the issuance of the requested subpoenas. With respect to the treatment records from the two health care facilities, the defendant requests "any and all records . . . relating to any treatment rendered" without specifying what is contained in those records or what is believed to be contained in them, without verifying that the records even exist, and without offering any preliminary showing on the relevance and admissibility of information contained in those records. The requests bespeak of an impermissible fishing expedition. The defendant does not furnish any basis for inferring that these private medical records

6

contain information significantly bearing on White's ability to perceive or recall events or to testify accurately as to be admissible in this proceeding. *See United States v. Jackson*, 155 F.R.D. 664, 668-69 (D. Kan. 1994), *aff'd*, 76 F.3d 1145 (10th Cir. 1996); *cf. United States v. Smith*, 156 F.3d 1046, 1054-55 (10th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999); *United States v. Pickard*, 211 F. Supp. 2d 1287, 1292-93 (D. Kan. 2002). As for the Lyon County Jail visitation records, the argued relevance of these documents largely depends on what other testimony is received about these visits, and the defendant's conclusory allegations do not show a sufficient likelihood of relevance or admissibility. The court doubts that the defendant's preparation for an effective cross-examination will depend on counsel's pretrial review of any of these requested documents. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701-02. The defendant's first request has not cleared any of the *Nixon* hurdles.

Finally, the defendant's request for the tape-recorded telephone conversations made at CCA also lacks the required specificity. As a party to those conversations, the defendant should be able to furnish specific dates and times, the details of what White allegedly said during those conversations, and the relevance of those statements to his defense case. For the defendant to say only that White

"expressed remorse" in a telephone conversation leaves the court with too many concerns over the 17(c) subpoena request being advanced as simply a discovery tool. The defendant's last request has not cleared the specificity hurdle.

IT IS THEREFORE ORDERED that the defendant's motions for leave to issue *subpoena duces tecum* pursuant to Fed. R. Crim. P. 17(c) filed under seal (Dks. 37 and 38) are denied. This order shall be filed under seal.

Dated this 25th day of February, 2005, Topeka, Kansas.

_____
Sam A. Crow, U.S. District Senior Judge