FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

2005 APR 21 P 3: 34

RALPH L. DELOACH
CLERK
B. W_____ DEPUTY

**SEALED**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                    No.  04-40086-01-SAC

MICHAEL DEAN RINDT,

           Defendant.

### MEMORANDUM AND ORDER

The case comes before the court on the defendant's *ex parte* renewed motion seeking leave to issue *subpoena duces tecum* for the production of any and all records of treatment given to Carly White at Valeo Behavioral Health Care and Newman Memorial Hospital. (Dk. 56).  By a memorandum and order filed February 25, 2005, (Dk. 43), the court denied the defendant's earlier *ex parte* motion requesting the same documents.  The defendant's motion failed to clear the three hurdles of relevancy, admissibility, and specificity:

> With respect to the treatment records from the two health care facilities, the defendant requests "any and all records . . . relating to any treatment rendered" without specifying what is contained in those records or what is believed to be contained in them, without verifying that the records even exist, and without offering any preliminary showing on the relevance and admissibility of information contained in those records.  The requests bespeak of an impermissible fishing expedition.  The defendant does not furnish any basis for inferring that these private medical records contain information

64.

significantly bearing on White's ability to perceive or recall events or to testify accurately as to be admissible in this proceeding.  *See United States v. Jackson*, 155 F.R.D. 664, 668-69 (D. Kan. 1994), *aff'd*, 76 F.3d 1145 (10th Cir. 1996); *cf. United States v. Smith*, 156 F.3d 1046, 1054-55 (10th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999); *United States v. Pickard*, 211 F. Supp. 2d 1287, 1292-93 (D. Kan. 2002).

(Dk. 43, pp. 607).

The defendant's renewed motion offers no new persuasive grounds for issuing the requested subpoenas.  According to the defendant, Carly White told the prosecutor that her mental health counseling at the Mental Health Center of East Central Kansas was only a condition of her juvenile probation but told the defendant, as has White's mother, that Carly also attended counseling at Newman Memorial Hospital.  The defendant also points to another inconsistency in what Carly White disclosed to the prosecutor and what she told the defendant.  Ms. White disclosed to the prosecutor that "she was in detox at Valeo in December 2004 for six to eight days" but wrote the defendant a letter in April 2004 saying "that she just got out of Valeo and that she is going to outpatient mental health counseling."  The defense counsel told the court that Ms. White also revealed in the letter to having received treatment for an addiction to a particular controlled substance and that this controlled substance is different from the only substance she admitted to the government to having used.

2

None of the defendant's latest arguments furnishes the court with a basis for finding that the records are likely to contain admissible evidence. The court does not subscribe to the likelihood of relevance or admissibility of mental health records or drug treatment records arising simply from a witness having given contradictory statements about her counseling or treatment. The impeachment value arises from the witness having made conflicting statements, not in proving which statement may be more accurate in describing the counseling or treatment. The defendant offers nothing but speculation as to what significance the actual records would have in attacking the Carly White's credibility. The court remains convinced that the defendant's request is an impermissible fishing expedition. Having failed to make a threshold showing of relevance and admissibility, the court denies the defendant's request for an *in camera* review. Finally, the court doubts that the defendant's preparation for an effective cross-examination will depend on counsel's pretrial review of any of these requested documents. "Generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States v. Nixon*, 418 U.S. 683, 701-02 (1974).

IT IS THEREFORE ORDERED that the defendant's *ex parte* renewed motion seeking leave to issue *subpoena duces tecum* pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure (Dk. 56) is denied.

3

Dated this 21 day of April, 2005, Topeka, Kansas.

Sam A. Crow, U.S. District Senior Judge