IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

Vs.                                                                         No.  04-40086-01-SAC

MICHAEL DEAN RINDT,

                Defendant.

MEMORANDUM AND ORDER

The case comes on for sentencing of the defendant following his plea of guilty to a single count of possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g).  The plea agreement in relevant part provides that the government would recommend a full adjustment for acceptance of responsibility, that the provisions of 18 U.S.C. § 924(e) were inapplicable, and that the government would not seek a sentence greater than sixty months.  The presentence report ("PSR") recommends a base offense of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) (offense committed after two felony convictions for a crime of violence or a controlled substance offense) less three levels for acceptance of responsibility.  With a total offense level of 21 and a criminal history category of six, the sentencing table calls for a sentence of 77 to 96 months.

The PSR addendum discusses the defendant's nine unresolved objections. The defendant submits a motion for variance that seeks a sentence of only five-years imprisonment. (Dk. 76). He argues that a sentence lower than the sentencing guideline range is appropriate based on the nature of the offense, the defendant's family responsibilities, and his post-offense rehabilitation.

**OBJECTION NO. 1**: The defendant objects to paragraph six which summarizes his arrest for the federal offense on July 19, 2004, and his Rule 5 hearing on the same day. The defendant argues that he has been in custody since April 7, 2004, and that he should be credited with all of this time as the charges in Emporia were dismissed and he waived his detention hearing due to the holds from Emporia and the Kansas Department of Corrections.

**Ruling**: The defendant's objection is not with the facts stated in paragraph six but with receiving credit for the time spent in detention. The court is not to decide this issue at sentencing. A defendant convicted and sentenced for a federal offense is to receive credit for certain periods spent in detention prior to sentencing. 18 U.S.C. § 3585(b). The computation of this credit is done by the Attorney General after the defendant has begun to serve his sentence. *United States v. Wilson*, 503 U.S. 329, 334 (1992). "[T]he District Court cannot perform the necessary calculation at the time of sentencing and . . . the Attorney General, in

implementing the defendant's sentence, cannot avoid computing the credit." *Id*. at 336.  The defendant's objection is overruled.

**OBJECTION NO. 2**:  The plaintiff objects to paragraph eleven and takes the position that at the plea hearing he said he did not fire the shotgun after removing it from his mother's storage unit.

   **Ruling**: "When a defendant objects to a fact in a presentence report, the government must prove that fact at a sentencing hearing by a preponderance of the evidence."  *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.) (citing *United States v. Easterling*, 921 F.2d 1073, 1078 (10th Cir. 1990), *cert. denied*, 500 U.S. 937 (1991)), *cert. denied*, 525 U.S. 988 (1998).  As reflected in the written plea agreement, the parties agreed to the facts constituting the offense, including the following:  "After Rindt removed the shotgun from the storage shed, he and Carly White went to a rural area where Rindt fired some rounds into the darkness at no particular target."  (Dk. 68, p. 9).  The defendant's objection is overruled.

**OBJECTION NO. 3**:  The defendant objects to paragraphs sixteen and thirty and argues that the burglary conviction does not qualify as a crime of violence under U.S.S.G. § 2K2.1(a)(2).  To count as a crime of violence, the burglary must be of a residence.  The defendant insists the charging document shows only the burglary of

3

a building and the journal entry of conviction shows only burglary. The defendant concedes a favorable ruling on his objection would not change his base offense level, as he still has two other prior convictions which qualify him for the enhanced base offense level.

**Ruling**: The court determines that a ruling on this objection is unnecessary, because the defendant has two other prior convictions which result in the defendant receiving the same base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2).

**OBJECTION NO. 4**: The defendant objects to paragraph forty-one which summarizes his prior conviction for misdemeanor attempt to escape. The defendant pleaded guilty to this offense which entailed his walking out of the courtroom without prior permission after having been sentenced to 120 days custody. The defendant argues that he "was not technically in custody at the time he walked out of the courtroom," as the judge had yet to sign the commitment order.

**Ruling**: The defendant does not articulate what relief he seeks by his objection or what relief the law would permit on a favorable ruling to his objection. The Sentencing Guidelines "do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law." U.S.S.G. § 4A1.2, comment. (n. 6). The Tenth Circuit has

held that collateral attacks at the time of sentencing, for reasons other than the complete denial of counsel, are not properly considered when they relate to enhancements made under the career offender provisions in U.S.S.G. § 4B1.1, *United States v. Garcia*, 42 F.3d 573, 581 (10th Cir. 1994), or the criminal history calculation in U.S.S.G. § 4A1.1, *United States v. Simpson*, 94 F.3d 1373, 1381-82 (10th Cir.), *cert. denied*, 519 U.S. 975 (1996).  In the alternative, the court finds no ruling on this objection necessary as it does not challenge any matters that will affect sentencing.

**OBJECTION NO. 5**:  The defendant challenges the convictions discussed at paragraphs forty-two, forty-three, and forty-eight of the criminal history.  The defendant contends there is no showing that in those proceedings he was represented by counsel or waived his right to counsel.

**Ruling**:  The PSR scored thirty-four points for the defendant's total criminal history and placed him accordingly in the criminal history category of six which is for defendants having thirteen points or more.  The defendant's objection addresses convictions that account for only four of the defendant's criminal history points.  Thus, a favorable ruling on his objection would not affect his criminal history category and the resulting guideline range.  The court determines that no ruling is necessary.  *See* Fed. R. Crim. P.  32(i)(3)(B).

**OBJECTION NO. 6**: To the summary of the conviction found at paragraph forty-four, the defendant denies that he placed the shotgun to the head of any individuals named there.  The defendant says he is ordering a trial transcript to address this issue.  The probation officer responds that this information was taken from investigative reports and an affidavit prepared by an Emporia police officer.

**Ruling**:  The court determines that a ruling is unnecessary, as this matter does not impact the calculated guideline sentence.

**OBJECTION NO. 7**:  Noting the state's active warrant for a parole violation described in paragraph forty-nine, the defendant remarks that he will be asking for his sentence here to run concurrently with any sentence to be imposed in the state parole revocation proceeding.

**Ruling**:  The policy statement at U.S.S.G. § 5G1.3(c) gives the sentencing court the discretion to order concurrent, partially concurrent, or consecutive sentences to achieve a reasonable punishment for the instant offense.  At application note 3(C) to this provision, "the Commission recommends that the sentence for the instant offense be imposed consecutively to the sentence imposed for the revocation."  The court will entertain the defendant's request at the time of sentencing and but now overrules any objection to the findings in paragraph forty-nine.

**OBJECTION NO. 8**:  The defendant objects to the special condition of supervised release requiring his participation in an approved program for substance abuse.  The defendant represents that he has participated in several drug treatment programs and questions the need for additional treatment.  The defendant opines he would benefit more from mental health counseling.

    **Ruling**:  The uncontested facts appearing at paragraphs ninety-five, ninety-six, and ninety-seven, in particular the defendant's admitted daily use of methamphetamine in 2004 prior to his arrest, more than justify ordering the defendant's participation in a drug treatment program.  The PSR has been modified on the potential conditions of supervision to include the defendant's participation in an approved program for mental health.  The defendant's objection is overruled.

**OBJECTION NO. 9**:  The defendant strongly disagrees with Part E of the PSR which identifies some circumstances in the defendant's criminal history which may warrant consideration as grounds for an upward departure.  The defendant further contends the nature of his offense and his family obligations justify a downward departure.

    **Ruling**:  The court overrules this objection, as Part E is not a recommendation or a finding.  It correctly identifies only those circumstances, such as an under-represented criminal history category, that are possible grounds for an

upward departure. As for the defendant's request for a variance from the guideline sentencing range, the court will decide that request at the time of sentencing.

IT IS THEREFORE ORDERED that the defendant's objections 1, 2, 8 and 9 are overruled; that the defendant's objections 3, 4, 5 and 6 do not require a ruling; and that certain matters raised in the defendant's objections 7 and 9 will be decided at the sentencing hearing.

Dated this 24th day of August, 2005, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge